# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

In re:

THE VAUGHAN COMPANY, REALTORS,

    Debtor.                                                     No. 10-10759-J11

DAVID LANKFORD and
LEE ANN LANKFORD,

    Appellants,

                                                                   Adv. Proc. 12-1139-J
v.                                               Appeal No.1:18-cv-00037 WJ/KRS

JUDITH A. WAGNER,
Chapter 11 Trustee of the Bankruptcy Estate
of the Vaughan Company Realtors,

    Appellee.

## MEMORANDUM OPINION AND ORDER
## DISMISSING APPEAL AS UNTIMELY
## and
## DENYING MOTION TO VACATE INJUNCTION

THIS MATTER comes before the Court on an Order to Show Cause Why Appeal Should Not be Dismissed as Untimely, filed January 23, 2018 (**Doc. 8**). On January 29, 2018, Appellants filed a Response to the Order to Show Cause and to Void Injunction **(Doc. 10)**. Appellees filed a Reply in Opposition to Appellants' response on January 31, 2018 **(Doc. 11)**.

The Appellants appealed to this Court the bankruptcy court's Memorandum Opinion and Order Denying Motion to Vacate Void Judgments per Rule 60(b)(4). The bankruptcy court entered this appealed MOO on December 12, 2017. Appellants filed a Notice of Appeal in bankruptcy court on January 4, 2018. The Court issued the Order to Show Cause, because it appeared that the Notice of Appeal was untimely, as it was filed more than fourteen days after

the appealed MOO was issued. The Order to Show Cause required the Appellants to give an explanation why this appeal should not be dismissed as untimely.

The District Court has "jurisdiction to hear appeals from … final judgments, orders, and decrees" of the Bankruptcy Court. 28 U.S.C. § 158(a)(1). The appellate process functions in essentially the "same manner as [civil] appeals ... are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). However, the procedures and "time limits that govern such an appeal are … set forth in the Bankruptcy Rules" rather than the Federal Rules of Appellate Procedure. *In re Latture,* 605 F.3d 830, 838 (10th Cir. 2010). *See also* Fed. R. Bankr. P. 8001(a) ("These … rules govern the procedure in a United States District Court … on appeal from a judgment, order or decree of a bankruptcy court.").

Because the notice of appeal was filed in bankruptcy court more than fourteen days after entry of the MOO, the notice of appeal was untimely. *See* Fed. R. Bankr. P. 8001(a) and 8002(a); *see also* Fed. R. Bankr. P. 9006(a)(1) (if filing deadline ends on a holiday or weekend, time is extended to the next business day). An untimely notice of appeal deprives this Court of jurisdiction to hear the appeal. *See In re Latture*, 605 F.3d 830, 833 (10th Cir. 2010); *Hatch Jabobs, LLC v. Kingsley Capital, Inc. (In re Kingsley Capital, Inc.)*, 423 B.R. 344, 351 (10th Cir. BAP 2010).

In their response, the Appellants did not demonstrate grounds for tolling or otherwise disagree with the Court's proposed timeline. Appellants' sole argument is that the Notice of Appeal was timely, because there is no deadline to file an appeal of an order denying a motion to vacate judgment under Rule 60(b)(4). The Court disagrees. The plain language of Fed. R. Bankr. P. 8002(a) provides: "… a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Appellants have provided

no reason based in law why the appeal deadline should not apply to an appeal of an order denying a Rule 60(b)(4) motion. *See, e.g., White v. McKinna*, 510 F. App'x 684, 684–85 n.1 (10th Cir. 2013) (Tenth Circuit issued order to show cause why appeal of order denying Rule 60(b)(4) motion should not be dismissed as untimely); *Kansas City S. Ry. Co. v. Great Lakes Carbon Corp.*, 595 F.2d 431, 433 (8th Cir. 1979) (applying appeal filing deadlines in Fed. R. App. P. 4(a) to appeal of Rule 60(b)(4) motion).

While pro se pleadings are construed more liberally than pleadings filed by attorneys, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Moreover, an appellate court is not obligated to search the record or argue for pro se litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"). Here, the Appellants did not come forward with any other grounds why the appeal is in fact timely or why the appeal period should be tolled.

The Appellants also ask the court to vacate the injunction entered in *David Lankford and Lee Ann Lankford v. United States Department of Justice*, 1:17-cv-00668 WJ/GBW, Doc. 24. The Court denies Appellants' request. Appellants do not raise any arguments that were not already raised in the Lankfords' Objections to the Court's Order to Show Cause Why File Restrictions Should Not be Imposed, and overruled by the Court.

Because the notice of appeal was untimely, the Court dismisses this appeal for lack of jurisdiction.[1]

---

[1] Appellants included in their response to the Order to Show Cause a three sentence argument that the undersigned should recuse pursuant to 28 U.S.C. § 455(a), because a ruling against Appellants in another case was allegedly not based on the evidence presented. Appellants argue that this prior ruling creates the appearance of bias. The Court

**IT IS THEREFORE ORDERED** that this appeal is **DISMISSED** for lack of appellate jurisdiction on the ground that it was untimely filed.

**IT IS FURTHER ORDERED** that Appellants' request to vacate the permanent injunction imposing filing restrictions is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE

---

disagrees. Any argument about whether the Court erred in that ruling may be a basis for a (timely) appeal, but is not a basis for recusal.