# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

In re:

THE VAUGHAN COMPANY, REALTORS,

      Debtor.                                                                                            No. 10-10759-J11

DAVID LANKFORD and
LEE ANN LANKFORD,

      Appellants,

                                                                          Adv. Proc. 12-1139-J
v.                                                     Appeal No.1:18-cv-00037 WJ/KRS

JUDITH A. WAGNER,
Chapter 11 Trustee of the Bankruptcy Estate
of the Vaughan Company Realtors,

      Appellee.

## MEMORANDUM OPINION AND ORDER DENYING APPELLANTS' MOTION TO FILE SURREPLY and MOTION TO VACATE

THIS MATTER comes before the Court on Appellants' Surreply and Motion for Leave to File Surreply, filed February 5, 2018 (**Doc. 16**)**,** and Appellants' Motion to Vacate Memorandum Opinion and Order Dismissing Appeal as Untimely, as Void Per 60(b)(4) and (c)(1) and Objection to Denying Motion to Vacate Injunction (the "Motion to Vacate"), filed February 9, 2018 (**Doc. 17**). For the reasons stated below, these motions are **DENIED.**

## BACKGROUND

Appellants filed their Notice of Appeal with the United States Bankruptcy Court, District of New Mexico, on January 4, 2018. Appellants appealed to this Court Bankruptcy Judge Robert Jacobvitz's Memorandum Opinion and Order Denying Motion to Vacate Void Judgments Per

Rule 60(b)(4). *See* **Doc. 1, p. 6.** Because it appeared that the Notice of Appeal was filed late, the Court issued an Order to Show Cause Why the Appeal Should Not Be Dismissed as Untimely (the "Order to Show Cause") **(Doc. 8)**. Appellants responded, and on February 1, 2018, the Court entered a Memorandum Opinion and Order Dismissing this Appeal as Untimely (the "MOO") **(Doc. 12)**. On February 16, 2018, Appellants filed a notice of appeal of the judgment dismissing this appeal as untimely **(Doc. 20).** The United States Court of Appeals for the Tenth Circuit abated the appeal pending resolution of the post-judgment motions. *See* **Doc. 24.**

## DISCUSSION

The District Court has "jurisdiction to hear appeals from … final judgments, orders, and decrees" of the Bankruptcy Court. 28 U.S.C. § 158(a)(1). The appellate process functions in essentially the "same manner as [civil] appeals ... are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). However, the procedures and "time limits that govern such an appeal are … set forth in the Bankruptcy Rules" rather than the Federal Rules of Appellate Procedure. *In re Latture,* 605 F.3d 830, 838 (10th Cir. 2010). *See also* Fed. R. Bankr. P. 8001(a) ("These … rules govern the procedure in a United States District Court … on appeal from a judgment, order or decree of a bankruptcy court.").

**I.** **<u>Appellants' Motion to Vacate Order Dismissing Appeal as Untimely</u>**.

Appellants filed this Motion to Vacate pursuant to Fed. R. Civ. P. 60(b)(4) and (c). However, the Federal Rules of Civil Procedure do not apply in this appeal. *See* Fed. R. Bank. P. 8001 ("These Part VIII rules govern the procedure in a United States district court and a bankruptcy appellate panel on appeal from a judgment, order, or decree of a bankruptcy court.").

Instead, Fed. R. Bank. P. 8022 is the exclusive vehicle for seeking rehearing when a district court considers a bankruptcy appeal. Collier on Bankruptcy, 8022.01 (16th ed. 2017),

*citing English-Speaking Union v. Johnson*, 353 F.3d 1013, 1019 (D.C. Cir. 2004) and *Dang v. Bank of Am. N.A.*, 2013 WL 2581432, at *1 (D. Md. 2013) (Fed. R. Bank. P. 8022 is the only way to seek review of a district court's decision in a bankruptcy appeal. Fed. R. Civ. P. 60 does not apply.). *See also Butler v. Merchants Bank & Trust Co.,* 2 F.3d 154, 155 (5th Cir.1993) ("When the district court is acting as an appellate court in a bankruptcy case, 'Bankruptcy Rule [8022] provides the sole mechanism for filing a motion for rehearing."); *In re Bli Farms, partnership*, 465 F.3d 654, 657 (6th Cir. 2006) (only way to seek review of an order entered by a district court in its bankruptcy appellate capacity is by motion for rehearing under Bankruptcy Rule 8022 and or appeal; Rule 60(b) motion is a nullity). Therefore, the Court concludes that this motion should be denied because Rule 60 does not apply to bankruptcy appeals before a district court. *In re Bli Farms*, 465 F.3d at 658 (Rule 60(b) motion was a nullity where filed in district court sitting as bankruptcy appellate court).

Even if the Court were to construe Defendant's Fed. R. Civ. P. 60 motion as a motion for rehearing pursuant to Fed. R. Bank. P. 8022, the Court concludes that there are no grounds for rehearing. Generally, courts look to Fed. R. App. P. 40 for the standard for ruling on a petition for rehearing pursuant to Fed. R. Bank. P. 8022. Appellate Rule 40 provides in part: "The petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended...." Fed.R.App.P. 40(a)(2). Petitions for rehearing should not simply reargue the Appellants' case or assert new grounds. *See Sierra Club v. Hodel,* 848 F.2d 1068, 1100–01 (10th Cir.1988) *and In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (9th Cir. BAP 2003).

Here, the sole issue is whether the Notice of Appeal was timely filed in bankruptcy court. In this Motion to Vacate, Appellants appear to argue that since there is no time limit to file a

Rule 60(b)(4) motion in bankruptcy court, there is no time limit to appeal the denial of such motion. Appellants raised the same argument in their response to the Order to Show Cause, and Appellants have not raised any relevant fact or issue that the Court may have missed. Appellants also did not provide any additional facts or reasons why the Notice of Appeal was in fact timely. Therefore, for the reasons stated in the MOO, **Doc. 12**, the Court concludes that the Notice of Appeal was untimely.

Appellants also appear to argue that they are not appealing Bankruptcy Judge Robert Jacobvitz's Memorandum Opinion and Order Denying Motion to Vacate Void Judgments per Fed. R. Civ. P. 60(b)(4). Rather, they state that they are simply appealing Bankruptcy Judge Robert Jacobvitz's issuance of orders without jurisdiction or authority. However, in their Notice of Appeal, Appellants identify that Memorandum Opinion as the order appealed from. *See* **Doc. 1, p. 6.** Therefore, this argument is not well taken.

The remaining assertions in the Motion to Vacate are either frivolous or not relevant to the dismissal of their appeal as untimely. For example, Appellants assert that the undersigned "was willing to commit acts of treason and obstruct justice to prevent the [Appellants] from getting a fair and unbiased appeal." **Doc. 17, p. 3.** The Court already addressed recusal in the MOO. **Doc. 12, p. 3-4 n.1.** Moreover, the Court cannot address the merits of the appeal at this stage, because it lacks appellate jurisdiction over this untimely appeal.

## II.  Motion for Leave to File Surreply.

Appellants request leave to file a surreply, and attached the surreply to their motion. In the Order to Show Cause **(Doc. 8),** the Court allowed Appellants to respond, and allowed the Appellee to reply. The MOO was entered prior to the filing of the motion for surreply. Therefore, the motion to file surreply is moot and should be denied. Moreover, after reviewing

4

the surreply, the Court concludes that the surreply did not put forth any new or relevant argument, and therefore the Appellants are not prejudiced.

### III. Motion to Vacate Injunction.

Appellants argue that the Court should vacate a permanent injunction restricting the Appellants from filing certain pleadings in the United States District Court, District of New Mexico. This injunction was entered in another case before this Court, after notice and an opportunity to object. *See David Lankford et al. v. United States Department of Justice,* Case No. 1:17-cv-668 WJ/GBW, Doc. 24. The arguments raised by the Appellants are not materially different from those in Appellants' response to the order to show cause in that case. *See Id.,* Doc. 23. Moreover, Appellants did not appeal the injunction to the Tenth Circuit. In this case, the Court clarified that the injunction did not apply to this appeal, because the injunction did not clearly foreclose the Appellants' rights to appeal to this Court motions filed in bankruptcy court prior to the injunction. However, the Court will not vacate that injunction in this Appeal, especially since Appellants' objections were already considered.

**IT IS THEREFORE ORDERED** that the Motion for Leave to File Surreply **(Doc. 16)** is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Vacate **(Doc. 17)** is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE